[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal brought pursuant to General Statutes §§ 4-166 et seq. and 4-183 of the Uniform Administrative Procedure Act ("UAPA"). The plaintiff, City of Waterbury ("Waterbury"), appeals from a final decision of the defendant, Department of Social Services ("Department"), ordering Waterbury to pay to the State of Connecticut $70,911 for general assistance expenditures that were consistent with the findings of a Department audit for the period of July 1, 1992 through June 30, 1993.
Prior to the State of Connecticut take over of the general assistance program[1] of all municipalities on July 1, 1998, the general assistance program was administered by 169 municipalities with each municipality paying the administrative costs and 15% of the benefits provided to each eligible individual for the specific fiscal year. General Statutes § 17b-135. The State of Connecticut reimbursed the municipalities for the remaining 85% of benefits expended on behalf of each eligible recipient. CT Page 4788 Municipalities submitted quarterly reimbursement claims to the Department and the State then reimbursed the municipalities for their general assistance expenditures according to the percentage determined by statute. The Department then conducted audits of each municipality's general assistance programs using a selection and sampling methodology pursuant to General Statutes § 17b-78. The standards established by the Department concerning the general assistance program have the full force and effect of law pursuant to General Statutes § 17b-10. Pursuant to the general assistance policy manual, case records must be kept for at least three years after the death of the recipient or final disposition of the case. The municipality cannot destroy or expurgate any part of a case record even if the minimum retention period of three years has passed until the recipient's debt to the community has been satisfied. General Assistance Policy Manual § 17-3a-33C.
The general assistance policy manual, which sets forth the Department regulations, requires that the twenty-five towns with the highest yearly program expenditures be audited annually, the remaining towns to be audited no less than once every three years. Waterbury falls in the twenty-five town ranking for highest yearly program expenditures.
On September 5, 1997, the Department commenced an audit of Waterbury's general assistance program for the period of July 1, 1992 through June 30, 1993. On April 29, 1998, the Department pursuant to the audit found that Waterbury owed the State $86,000 for that one year period but the net liability due was reduced to $70,911 because of a prior credit from a previous general assistance audit. On June 8, 1998, Waterbury requested an administrative hearing to contest the audit report and a hearing was held on September 9, 1998. Waterbury claimed that the State waived its right to conduct an audit because the 1992-1993 audit was conducted beyond the one year time limit.
Because Waterbury disagreed with the audit finding, it filed this administrative appeal pursuant to General Statutes § 4-183. Waterbury claims that the Department was allotted the entire amount of assistance granted in three cases because the agency found no bill documenting two of the cases and no signed application for assistance in one of the cases. It further argued that the missing documents were due to the downsizing of the City's assistance program staff from 53 to 2 employees because of the state takeover of the general assistance program in 1997. Waterbury claims that under Department regulations, the required audit for July 1, 1992 to June 30, 1993 had to be performed within one year of June 30, 1993 or it waived its rights to make any assessment pursuant to the audit. Essentially, Waterbury claims that the Department exceeded its legal authority when it conducted an audit of the 1992-1993 fiscal year in September, 1997, extending its legal authority to annually audit" CT Page 4789 Waterbury. Pursuant to § 17-3a-3C of the general assistance policy manual, Waterbury further claims that Department's actions are void and without legal effect and that the hearing officer has wrongfully interpreted the phase "audit annually" as set forth in the general assistance policy manual.
Under § 17b-78-36 subsection B, frequency of audit requires: "The twenty-five towns with the highest yearly program expenditures will beaudited annually. The remaining towns will be audited no less than once every three years." (Emphasis added.)
The Department's decision must be upheld if it is supported by substantial evidence in the record as developed at the fair hearing.Murphy v. Dept. of Motor Vehicles, 254 Conn. 333, 343 (2000). If the agency correctly applied the law to the facts of record, the decision must stand. Hartford v. Freedom of Information Commission, 41 Conn. App. 67
(1996). Judicial review of conclusions of law reached administratively is limited. Murphy v. Dept. of Motor Vehicles, supra, 343. Great deference is accorded to the statutory instruction given a statute by the agency charged with its enforcement. Cadlerock Properties v. Commissioner ofEnvironmental Protection, 253 Conn. 661, 69 (2000). This principle applies with even greater force to an agency's interpretation of its own duly adopted regulations. Griffin Hospital v. Commission on Hospitals Health Care, 200 Conn. 489, 496-97 (1986).
In the present case, the hearing officer correctly determined that § 17-3a-36 of the general assistance policy manual requires the Department's audit to cover a single year period of time so that every fiscal year is audited and that there is no time limit to complete a particular year's audit. The regulation does not provide that the audit must be completed before the end of the next fiscal year or the department waives its right to audit the general assistance program for that particular municipality for the prior year.
Waterbury's argument is further flawed because even if the court were to adopt its strained and narrow interpretation of § 17-3a-36, the court finds that section is directory and not mandatory. Even if § 17-3a-36 contained the words "shall" or "must", which ordinarily are words used to express mandatory provisions, these words alone would not be sufficient. State v. Murray, 254 Conn. 472, 489-90 (2000). An agency's noncompliance with a directory provision does not invalidate its action.Boris v. Garbo Lobster Co., 58 Conn. App. 29, 36, cert. denied,254 Conn. 910 (2000). If the language "shall" is used in a regulation this does not necessarily make a clause mandatory. Id. If the provision is designed to secure order, system and dispatch, it is generally held to be directory, especially where the requirement is stated in affirmative CT Page 4790 terms unaccompanied by negative words. Id. If the regulation prescribes what shall be done but does not invalidate action upon a failure to comply and there is no penalty formation than the regulation is merely directory. Id. There is no statute or regulation requiring the Department to complete an audit within a prescribed time or waive the audit findings if there is no language that expressly invalidates any action taken after noncompliance with the statutory provisions the statute shall be construed as directory. Crest Pontiac-Cadillac, Inc. v. Haley,239 Conn. 437, 446 (1996).
In addition, the Department sent several notices to the towns and cities reminding them that audits of the general assistance program would continue after the State took over administration of the program in 1997 and that the towns and cities were required to retain records and cooperate with the audit procedure. A letter was sent to Waterbury's mayor advising him that general assistance audits would continue for cases paid through or certified for periods prior to March 31, 1997.
Statutory interpretation is a question of law and therefore the court's review is plenary. North Haven v. Planning and Zoning Commission,220 Conn. 556, 561 (1991). In seeking to discern legislative intent, the court must concern itself with the circumstances surrounding the enactment of the legislation, to the legislative policy it was designed to implement and its relevance to existing legislation and common law principles governing the same subject matter. Costagno v. Wholean,239 Conn. 336 (1996).
Waterbury's reliance on the definition of "annual" contained in Webster's Dictionary and Black's Law Dictionary is misplaced. The definition must be considered with all of the factors and surrounding circumstances and the questioned regulations cannot stand or fall on such a delicate thread. In contrast, American Heritage Dictionary defines annual as "2. Of or pertaining to a year; determined by a year's time; anannual income. . . ." (Emphasis added.) American Heritage Dictionary (2nd Ed.) To adopt Waterbury's claim and suggest that regulation requires audits to be completed with such speed and alacrity is contrary to law.
Accordingly, the Department's decision is affirmed and the plaintiff's appeal is dismissed.
OWENS, J.